**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
1222 PUTNAM STREET INVESTORS LLC,

      Plaintiff,

                **REPORT AND**
                **RECOMMENDATION**

  -against-
                18-CV-7246 (DLI) (ST)

UPREAL BROOKLYN LLC, *et al.*,

      Defendants.
-----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

   On December 19, 2018, Plaintiff 1222 Putnam Street Investors LLC brought this suit against Defendants Upreal Brooklyn LLC, Brookland Capital LLC, New Upreal LLC, and Boaz Gilad, David Goldberger and Eyal Yagev, individually and as managers of 1222 Putnam LLC for breach of contract and willful fraud relating to Plaintiff's investment in 1222 Putnam LLC for the purchase, construction, development and sale of certain real property located at 1222 Putnam Street in Brooklyn, New York. *See* Complaint ("Compl."), ECF No. 1. Despite the filing of a complaint replete with allegations, Plaintiff has failed to prosecute this matter by refusing to communicate with counsel, failing to appear for court-ordered conferences, and neglecting this Court's Order to Show Cause. Plaintiff's conduct leaves this Court with no choice but to recommend that the District Court order that this case be dismissed for a failure to prosecute.

 **A. Factual Background**

   Following service of the Complaint, Brookland Capital LLC and the individual Defendants filed their Answer. *See* Summonses Returned Executed, ECF Nos. 7–12; Answer, ECF No. 28. Shortly thereafter, Plaintiff filed a Notice of Voluntary Dismissal against Defendants Upreal Brooklyn LLC and New Upreal LLC. *See* ECF No. 33. An initial conference was held on May 21, 2019 before this Court, during which the Court set discovery deadlines for this action. *See* Minute Entry, ECF No. 42. Following that May 2019 conference, counsel for the Investors filed, in relevant part, a Motion to Withdraw. *See* ECF No. 43. In an

accompanying affidavit, filed on June 21, 2019, counsel represented that he had "sent numerous inquiries to three different client contacts," but despite having done so, had "not received any direct communication back from any of them since May 12, 2019 . . . ." *See* Aff. Supp. Mot., ECF No. 43-1, ¶ 7. Further, counsel stated that "Plaintiff's and their contacts' unresponsiveness have rendered it virtually impossible for my firm to continue to represent them." Aff. Supp. Mot. ¶ 8.

A hearing on the Motion to Withdraw was held on July 8, 2019. *See* Min. Entry for July 8 Mot. Hr'g, ECF No. 50. At that hearing, the Plaintiff's Principal did not appear, which was a violation of the Court's Order—but nonetheless the Court adjourned the hearing to a later date. *See* Min. Entry for July 8 Mot. Hr'g. During the August 22, 2019 motion hearing, Plaintiff's counsel represented that he had attempted to contact his client on multiple occasions to inform them about the conference both by telephone and certified mail. Min. Entry for Aug. 22 Mot. Hr'g. Yet, "[n]otwithstanding these attempts, Plaintiff did not appear for [the August 22, 2019] conference nor did Plaintiff contact counsel." Min. Entry for Aug. 22 Mot. Hr'g. This Court ordered Plaintiff "to show cause by September 27, 2019 why this case should not be dismissed for failure to prosecute." Min. Entry for Aug. 22 Mot. Hr'g. Further, this Court stated, "[i]f Plaintiff does not file a response by September 27, 2019, the Court will recommend dismissal." Min. Entry for Aug. 22 Mot. Hr'g.

Plaintiff did not respond to this Court's Order to Show Cause. On December 9, 2019, Defendants filed a Motion to Dismiss for Failure to Prosecute. *See* ECF No. 62. The Court now issues this Report and Recommendation recommending dismissal of the action.

**B. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys.,*

*Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)).  Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations."  *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition.  *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

### 1.  *Delay of Significant Duration*

The Investors have failed to prosecute this case since at least May 2019.  As early as June 2019, Plaintiff's counsel complained that he had "not received any direct communication from [his clients] since May 12, 2019 . . . ."  On June 23, 2019, the Court ordered the Plaintiff to appear for the July 8, 2019 hearing; despite having been so ordered, the Plaintiff did not appear nor did counsel convey any reason for the Plaintiff's absence.  *See* Order Deferring Ruling dated June 23, 2019; Min. Order for July 8 Mot. Hr'g, ECF No. 50.  This Court again held a hearing on

August 22, 2019 and Plaintiff did not appear nor did counsel convey any excuse for Plaintiff's absence. *See* Min. Order for Aug. 22 Mot. Hr'g. To this date, Plaintiff has not responded to this Court's Order to Show Cause.

When assessing the duration of the delay, courts consider (1) whether the delays were attributable to the Plaintiff and (2) the duration of the delay. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). In this case, the length of the delay that is attributable to Plaintiff's absence is approximately nine months—because of the Plaintiff's absence, counsel could not move forward with the case. A nine-month delay is sufficient to favor dismissal, as courts have found delays of only a few months to be sufficient for dismissal. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); *see also Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

Additionally, courts find that a delay is "significant" if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, Plaintiff has avoided any communication with counsel and neglected court orders to appear at conferences. This factor favors dismissal because the delay was "significant," as it was approximately nine months and entirely attributable to the conduct of Plaintiff.

2. *Notice that Further Delays Would Result in Dismissal*

The second factor asks whether the party was given notice that further delays would result in dismissal. Courts tend to favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). Plaintiff was given notice in this case—the Court warned in its July 9 Minute Order that "[f]ailure to appear will result in sanctions, up to and including a recommendation that this case be dismissed for

4

failure to prosecute." *See* Min. Order July 8 Mot. Hr'g, ECF No. 50. Again, this Court warned, in a Minute Order for the August 22, 2019 Motion Hearing, that "[i]f Plaintiff does not file a response by September 27, 2019, the Court will recommend dismissal." *See* ECF No. 58. This Court gave ample warning that Plaintiff's failure to appear or respond to an order to show cause would result in sanctions up to and including dismissal. Given the adequate notice that was given by the Court, this factor also favors dismissal of the action.

### 3. *Prejudice to Defendant Resulting from Further Delays*

The third factor asks whether the Defendant would be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). This Court presumes that the Defendant would be prejudiced based on the lengthy nine-month delay for which Plaintiff has offered no excuse.

### 4. *Balance Between Calendar Congestion and the Opportunity to be Heard*

In the fourth *Drake* factor, this Court is charged with balancing the goal of reducing its calendar congestion with a litigant's right to be heard. In evaluating whether the proper balance is found in a given case, courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. Despite ample opportunities, Plaintiff has shown no interest in litigating this case by refusing to communicate with counsel, failing to appear at court-ordered conferences, and

refusing to respond to an order to show cause. As such, this Court finds that it has struck the proper balance between its competing obligations and thus this factor also favors dismissal.

    *5. Consideration of Lesser Sanctions*

Lastly, this Court should consider whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). "Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Garcia*, 2016 WL 1275621, at *4 (citing *Caussade*, 293 F.R.D. at 631) (finding that the factor favored dismissal where plaintiffs were "unreachable"). As there is no indication that Plaintiff has received any of counsel's attempts to contact them, and Plaintiff has not responded to this Court's Order to Show Cause, there is no indication that a lesser sanction would have *any* effect. As in *Garcia*, this Court finds that the only remedy that would have any efficacy in the context of this litigation is the sanction of dismissal.

**C. Conclusion**

This Court finds that all five of the *Drake* factors favor dismissal. I respectfully recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Counsel for Defendants is directed to immediately forward a copy of this R&R to Plaintiff and file proof of service with this Court.

**D. Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
_____

Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       February 12, 2020

7